NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-123-HRW

BRADLEY DONOVAN PROFITT                                                                 PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

TIM UNDERWOOD                                                                              DEFENDANT

Bradley Donovan Profitt, an individual confined at the Lewis County Detention Center in Vanceburg, Kentucky, has filed a *pro se* complaint, pursuant to 42 U.S.C. §1983, and a motion to proceed *in forma pauperis*.[1]  The motion will be granted by separate Order.

This matter is now before the Court for initial screening.  28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  The allegations in a *pro se* complaint must be taken as true and construed in favor of the petitioner.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, the screening statute provides for summary dismissal if, *inter alia*, the complaint fails to state a claim upon which this Court may grant relief.  28 U.S.C. §1915A(b)(1).  Such is exactly the situation presented herein.

---

[1] The complaint and motion were originally filed in the United States District Court for the Western District of Kentucky, at Paducah, Number 5:05-CV-58-R.  It was transferred to this Court by Order of August 5, 2005.

DEFENDANT

The sole named defendant is the Lewis County Detention Center's Jailer, Tim Underwood, who is sued in his official capacity.

ALLEGATIONS AND CLAIMS

The plaintiff's factual allegations and claims are presented in their entirety as follows:

1.) In the month of January 2005 a group of Class D inmates did some painting for Somerset Food distributor, which is a privately owned business. The Jail was paid $3,736.78 for services.

2.) The holding capacity of the jail has exceeded and floor spaces are being slept on.

3.) Jailer Underwood won't allow subscriptions to magazines, newspapers, etc. There is no library in the facility.

4.) The jail does not screen or test for infectious diseases nor delouse inmates.

5.) All medical, dental, and psychological inmates are required to pay 50% of all incoming money to the inmate's personal account until the bill is paid.

6.) Inmates having disciplinary action against them do not get a meeting to defend themselves. There are no written notification procedures informing the inmates is being charged with an offense.

This violates the Sixth and Eighth Amendments of the U.S. Constitution.

Record No. 1, at 5. The plaintiff claims that there is a grievance procedure at the detention center; he turned in grievances; "the staff stated they don't know where it went. I waited the proper length of time." *Id.* at 4.

The plaintiff states that he wishes injunctive and declaratory relief.

DISCUSSION

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or

2

laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994). The plaintiff has claimed that the conditions of his confinement violate his rights under the Sixth and Eighth Amendments. The Court examines these claims separately.

The Eighth Amendment, as applied to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment upon prisoners. *Wilson v. Seiter*, 501 U.S. 294 (1991). The Eighth Amendment's protections extend to prisoners' conditions of confinement. *Whitley v. Albers*, 475 U.S. 317 (1986). An Eighth Amendment analysis requires "both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?)." *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

Prisoners objecting to conditions of confinement are required to satisfy both objective and subjective components of the claim. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). As to the objective prong, in assessing prison conditions under the Eighth Amendment standard, conditions considered alone or in combination with other conditions must amount to a deprivation of "life's necessities." *Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981)).

The Sixth Circuit Court of Appeals has recognized that "a deprivation of the basic necessities of life, e.g., food, shelter, clothing, by prison officials would undoubtedly be a violation of an inmate's Eighth Amendment right to be free from cruel and unusual punishment." *Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984) (citing *Newman v.*

3

*Alabama*, 559 F.2d 283 (5th Cir. 1977), *rev'd in part sub nom*, *Alabama v. Pugh*, 438 U.S. 781 (1978)).

In the case *sub judice*, the plaintiff has not alleged that he personally suffered any serious deprivation of a basic human need. Accordingly, the plaintiff's complaints do not establish the objective component of the Eighth Amendment analysis. Neither can it be determined that the plaintiff's conditions of confinement have inflicted or were intended to inflict wanton pain. The instant plaintiff's allegations simply do not rise to the level of an Eighth Amendment violation and, therefore, they are frivolous and warrant dismissal. *See Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1980).

The Court construes the plaintiff's Sixth Amendment claim to grow out of paragraph number 6 in his list of complained-of conditions. He appears to be claiming that inmates facing disciplinary charges are deprived of their right to counsel, witnesses, etc., in a public trial. However, the Sixth Amendment right to counsel applies only in the context of criminal proceedings; a prisoner does not have a right to counsel at a disciplinary hearing. *Baxter v. Palmigiano*, 425 U.S. 308 (1976). *See also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (no due procedures mandated unless the sanction affects the length of time served or imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); *Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974).

## CONCLUSION

This Court concludes that Plaintiff Profitt has failed to state a constitutional claim. Additionally, the plaintiff has admitted that he only wrote a grievance and waited an unidentified length of time before filing a federal lawsuit on the matter. Therefore, he has failed to demonstrate exhaustion of an available administrative remedy on any of the complained-of conditions, as the law

4

requires, and summary dismissal is appropriate on this ground also. *See* 42 U.S.C. §1997e; *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998).

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendant.

This October 25, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge